UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RAY MYERS, JR., | Case No. 3:25-cv-00730-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondents. | |

*Pro se* Petitioner James Ray Myers, Jr. commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 4, 7. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court grants the IFP application and dismisses the § 2254 petition without prejudice.

**I.    Background**

The state district court entered a judgment of conviction for attempt sexual assault, victim under 16 years old. Myers asserts that he has not appealed the conviction and has not filed a state habeas postconviction petition. In his petition, he asserts that the state district court lacked jurisdiction because the Nevada revised statutes were not properly passed.

**II.    Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Myers's petition is subject to multiple defects. He fails to allege a cognizable federal habeas claim. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

In addition, even if Myers presented a cognizable habeas claim, it appears that his claims are wholly unexhausted. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking

intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g., Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana,* 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Myers's petition is dismissed without prejudice.

### III.   Conclusion

It is therefore ordered Petitioner James Ray Myers, Jr.'s petition for writ of habeas corpus (ECF No. 7) is DISMISSED without prejudice.

It is further ordered Petitioner's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

It is further ordered Petitioner is DENIED a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is furthered ordered the Clerk of the Court is kindly directed to enter final judgment accordingly and close this case.

DATED THIS 23rd day of January, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3